HUI JUN ZHUGE, Petitioner,

v.

Michael B. MUKASEY,[1] United States Attorney General, Respondent.

No. 05–4881–ag.

United States Court of Appeals, Second Circuit.

May 6, 2008.

Tina Howe, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; Mary Jane Candaux, Asst. Director; Kathleen J. Kelly, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Hui Jun Zhuge, a native and citizen of China, seeks review of a August 17, 2005

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for for- mer Attorney General Alberto R. Gonzales as the respondent in this case.

order of the BIA affirming the April 8, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel, which denied her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhuge, Hui Jun,* No. A95 918 524 (B.I.A. Aug. 17, 2005), *aff'g* No. A95 918 524 (Immig. Ct. N.Y. City April. 8, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir. 2003).

■ The agency properly concluded that the threat of arrest Zhuge faced due to her distribution of Falun Gong fliers was insufficient to constitute past persecution, *see Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61 (2d Cir.2002). With respect to her alleged fear of future persecution, the agency reasonably relied on the following circumstances. Her parents distributed Falun Gong fliers in public but were never arrested and remain in China. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (where applicant claimed a well-founded fear of persecution due to her uncle's acts, finding that safety of her mother and sister undercut her claim); *In re A–E–M–,* 21 I. & N. Dec. 1157, 1160 (BIA 1998) (where applicant based his fear of harm on the "positions of his relatives," finding that lack of harm to other family members remaining in his native country undercut his fear). On the two occasions when the petitioner distributed fliers as a child, she was not arrested. Although a friend of hers was arrested, the friend was released after being detained, and no mistreatment is alleged.

The petitioner left China with the permission of the Chinese government, supporting an inference that the Chinese authorities are not seeking to apprehend her for her brief activity as a child.

Although the petitioner has practiced Falun Gong exercises while residing in the United States and presumably wishes to continue doing do upon her return to China, she makes no claim that she intends to do so in public places, nor does she make any claim that she intends to distribute Falun Gong literature.

■ The asylum and withholding of removal claims were properly denied.[2]

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending mo-

---

2. We decline to address the agency's denial of Zhuge's CAT claim because she did not challenge it in her brief to this Court. In such

circumstances, we deem the claim abandoned. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

tion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).